**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Shockey, Appellant,

v.

Dana Ohler, Respondent.

Appellate Case No. 2025-000741

---

Appeal From Horry County
Melissa M. Frazier, Family Court Judge

---

Unpublished Opinion No. 2026-UP-169
Submitted March 2, 2026 – Filed April 8, 2026

---

**AFFIRMED**

---

Heather Smith von Herrmann, of Von Herrmann Law Firm, of Conway, for Appellant.

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston; and Marci Nicole Gattis, of Winslow Law, LLC, of Pawleys Island, both for Respondent.

Heather Marie Moore, of Axelrod & Associates, PA, of Myrtle Beach, as the Guardian ad Litem.

---

**PER CURIAM:**  Christopher Shockey (Father) appeals the family court's order approving the settlement agreement between Father and Dana Ohler (Mother) concerning the custody of their minor child (Child) and declining to change Child's surname to Shockey.  On appeal, Father argues the family court abused its discretion in declining to grant Child Father's surname or, in the alternative, a hyphenated surname.  We affirm pursuant to Rule 220(b), SCACR.

First, we hold the issue of whether the family court erred in failing to grant Child a hyphenated surname is not preserved for appellate review because Father never raised the hyphenated surname argument to the family court, and the court never ruled on the matter.  *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family court] to be preserved for appellate review.").

Second, we hold Father failed to prove the preponderance of the evidence was against the family court's finding that Father did not show it was in Child's best interest to change Child's surname.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) (stating that on appeal from the family court, the appellate court reviews factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("[Therefore], the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019) ("However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *id.* at 611-12, 837 S.E.2d at 232 ("[T]he appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings.").  In considering whether changing Child's surname was in his best interest, many factors were neutral: Child was young and could not express a preference for a surname and both parents wished for Child to have their surname and both had overlapping reasons for their desires.  *See Mazzone v. Miles*, 341 S.C. 203, 210, 532 S.E.2d 890, 893 (Ct. App. 2000) ("In deciding whether to allow a change in the child's surname, the family court should grant the request only if the change promotes the child's best interests and welfare."); *id.* ("The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests."); *id.* at 211-12, 532 S.E.2d at 894 ("[B]oth parents have an equal interest in the child bearing their respective surname."); *id.* at 210-11, 532 S.E.2d at 893-94

(listing the following non-exhaustive factors to consider when determining whether the change of a surname is in a child's best interests: "(1) the length of time that the child has used the present surname; (2) the effect of the change on the preservation and development of the child's relationship with each parent; (3) the identification of the child as part of a family unit; (4) the wishes of the parents; (5) the stated reason for the proposed change; (6) the motive of the parents and the possibility that the use of a different name will cause insecurity or a lack of identity; (7) the difficulty, harassment, or embarrassment that the child may experience when the child bears a surname different from the custodial parent; (8) the preference of the child if the child is of an age and maturity to express a meaningful preference; and (9) the degree of community respect associated with the present and proposed surname").  However, the remaining evidence weighed in favor of Mother: Mother had primary physical custody and final decision-making authority and Child primarily lived with Mother, Mother's parents, and Child's half-sibling, all of whom shared Mother's surname, whereas Father lived alone with much of his family residing out of state.  Accordingly, we hold Father has not shown that changing Child's surname was in Child's best interest.

**AFFIRMED.**[1]

**MCDONALD, VINSON, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.